United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER CABLE PRODUCTS, INC., | No. C-10-05673-RS  (DMR) |
| Plaintiff, | **ORDER RE PARTIES' JOINT DISCOVERY LETTER OF JULY 19, 2011** |
| v. | |
| DIVERSIFIED  REPACKAGING CORPORATION, *et al.*, | |
| Defendants. | |
| _____/ | |

Before the court is the parties' joint discovery letter of July 19, 2011 ("Letter"). In the Letter, Plaintiff Monster Cable Products, Inc. ("Plaintiff") requests that the court issue the Court's "Standard Protective Order"[1] and compel Defendants U.S. Merchants and Diversified Repackaging Corporation (together, "Defendants") to provide Plaintiff with the identities of the sources from which they obtained Plaintiff's products. Plaintiff contends that it needs this information to bring other parties who may be infringing on its trademarks into the suit.[2] (Letter at 1-3.) Defendants

---

[1] The Northern District of California has created several model stipulated protective orders for the benefit of litigants. Plaintiff did not specify with "Standard Protective Order" it wants the court to issue.

[2] Plaintiff also contends that it requires Defendants' supplier lists because Defendants have raised the first sale doctrine as an affirmative defense. (Letter at 2-3.) However, the first sale doctrine plays no role in trademark infringement cases based upon an alleged infringer's selling of trademarked goods that are materially different than those sold by the trademark owner -- the exact forms of infringement which Plaintiff accuses Defendants of performing, (*see* Compl. ¶¶ 14-28). *Au-Tomotive Gold, Inc. v. Volkswagen of Am., Inc.*, 603 F.3d 1133, 1138 (9th Cir. 2010); *Meeker v. Meeker*, No. 02-741-JSW, 2004 WL 2457793, at *10-11

1  oppose Plaintiff's requests on the grounds that their supplier information is a trade secret, that
2  divulging the information will cause harm to their business, and, more broadly, that the information
3  lacks relevance to Plaintiff's claims. (Letter at 5.) The court conducted a hearing on August 11,
4  2011. This order summarizes the rulings made by the court during that hearing.

## Discovery of Trade Secrets

The Federal Rules of Civil Procedure permit courts to order discovery of trade secrets[3] or other confidential commercial information in a manner that restricts disclosure, such as through a protective order, upon a showing of good cause. Fed. R. Civ. P. 26(c); *see Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*, 242 F.R.D. 552, 554 (C.D. Cal. 2007). The court must strike a balance between the discovery-seeking party's entitlement to "all information reasonably calculated to lead to the discovery of admissible evidence" and the divulging party's need for protection from "undue burden . . . , including protection from misuse of trade secrets by competitors." *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992) (citations & quotation marks omitted). In addition, the court should examine the discovery-seeking party's claims and whether it has "alternative discovery procedures" at its disposal to develop its case. *Id.*

## Defendants' Supplier Information

Plaintiff alleges that Defendants have infringed on its trademarks by repackaging its genuine products and supplying them with a new warranty. (Compl. ¶¶ 13-14.) *See Beltronics USA, Inc. v. Midw. Inventory Distrib., LLC*, 562 F.3d 1067, 1072-74 (10th Cir. 2009) (holding that warranty alterations may lead to finding of trademark infringement); *Enesco Corp. v. Price/Costco, Inc.*, 146 F.3d 1083, 1086 & n.4 (9th Cir. 1998) (noting that repackaging can constitute trademark infringement). According to Plaintiff, these actions have materially altered their products, creating "the potential and/or likelihood of confusion as to the source and/or quality" of the goods and potentially damaging customer goodwill toward Plaintiff's products. (Compl. ¶¶ 15.) *See* 15 U.S.C. § 1114(1)(a); *Beltronics USA, Inc.*, 562 F.3d at 1072-74 (noting that sale of materially altered goods

---

(N.D. Cal. July 6, 2004) (not reported in F. Supp. 2d).

[3] Courts repeatedly have found supplier lists to constitute confidential documents. *Nutratech, Inc. v. Syntech (SSPF) Int'l , Inc.*, 242 F.R.D. 552, 554 n.2 (C.D. Cal. 2007) (citations omitted).

which leads to customer confusion and damage plaintiff's goodwill constitutes trademark violation); *El Greco Leather Prods. Co. v. Shoe World, Inc.*, 806 F.2d 392, 395 (2d Cir. 1986) (same). Plaintiff also asserts that the entities who supplied Defendants and Costco with Plaintiff's products may be liable for contributory infringement. Plaintiff therefore requires their identities so that it may bring them into the current action. (Letter at 3.) *See Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1382 (9th Cir. 1984) ("[I]f a . . . distributor . . . continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement, the [distributor] is contributorily responsible for any harm done as a result of the deceit." (brackets in original) (emphasis removed) (quoting *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 854 (1982)). In addition, Plaintiff stated during the hearing that it did not have the technology or internal infrastructure in place to reliably determine the identities of Defendants' suppliers from its products' serial numbers. The court therefore finds that Plaintiff has established good cause to compel discovery of Defendants' supplier lists.

Thus, although Defendants' supplier names are a protectable trade secret, they are subject to discovery in this case because they are relevant to the identification of potentially contributing infringers and their identities cannot be ascertained through other reasonable means. However, the supplier names should be protected through an appropriate protective order that limits their use to this litigation, as well as limits their disclosure to outside counsels' attorneys' eyes only consistent with the "Highly Confidential" designation in ¶ 7.3 of the Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets.

**Conclusion**

For these reasons, the court ORDERS that the parties meet and confer, and file a stipulated protective order with the Court consistent with this order no later than August 17, 2011. The court further ORDERS that once the protective order is in place, Defendants immediately shall produce their supplier information in accordance with the protective order. Defendants' supplier information shall be designated **highly confidential**, **attorneys' eyes only**, and the information **shall not be accessible to Plaintiff's in-house counsel**. *See Omega S.A. v. Costco Wholesale Corp.*, No. 04-

5443-TJH, 2005 WL 6411417, at *2 (C.D. Cal. June 8, 2005) (not reported in F. Supp. 2d).  The supplier information shall not be used for any purpose outside of this litigation.

IT IS SO ORDERED.

Dated: August 12, 2011



DONNA M. RYU
United States Magistrate Judge